ROB BONTA
Attorney General of California
GIAM M. NGUYEN
Supervising Deputy Attorney General
NECULAI GRECEA
Deputy Attorney General
QUYEN V. THAI
Deputy Attorney General
State Bar No. 316854
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6703
  Fax:  (916) 761-3641
  E-mail:  Quyen.Thai@doj.ca.gov
*Attorneys for Defendant*
*S. Uribe*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>                    Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>                    Defendants. | 2:12-cv-10727-SB-AS<br><br>**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**<br><br>**[L.R. 16-4]**<br><br>PTC Date:  September 16, 2022<br>Time:        10 a.m.<br>Courtroom: 6C<br>Judge:      The Honorable Stanley Blumenfeld, Jr.<br>Trial Date:  September 27, 2022 |

Defendant Uribe hereby submits his Memorandum of Contentions of Fact and law, pursuant to Local Rule 16-4.

## CLAIMS AND DEFENSES

**I.  PLAINTIFF'S EXCESSIVE FORCE CLAIM.**

Plaintiff Reed claims that Defendant Uribe violated Plaintiff's Eighth Amendment rights when Uribe used excessive force while attempting to restrain

1

Plaintiff during an incident that occurred on May 17, 2012, in Facility A at California State Prison-Los Angeles County (LAC). Plaintiff claims that he suffered a dislocated right shoulder because Defendant twisted his arm in an unorthodox way.

## II. ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIM.

To prevail on an excessive force claim under the Eighth Amendment against Defendant, Plaintiff must establish the following elements:

1. Defendant used excessive and unnecessary force under all of the circumstances;

2. Defendant acted maliciously and sadistically for the purpose of causing harm; and

3. Defendant's acts caused harm to Plaintiff.

*See* Ninth Circuit Model Civil Jury Instruction 9.11 (2022); *see also Hudson v. McMillian*, 503 U.S. 1 (1992).

## III. DEFENDANT'S KEY EVIDENCE IN OPPOSITION TO PLAINTIFF'S CLAIMS.

Sgt. Esparza will testify that during a routine pat-down search, Plaintiff suddenly attempted to strike him. Plaintiff then became combative, ignored verbal orders, assaulted another officer by grabbing and squeezing her fingers, and resisted all efforts of staff members to place him in restraints. Defendant will testify that he assisted Sgt. Esparza in gaining control of Plaintiff. Defendant will testify that he used only force sufficient to place Plaintiff in handcuffs. Sgt. Ruiz will also testify that Plaintiff violently resisted the officers' attempts to restore order and restrain Plaintiff.

Shortly after the incident, Plaintiff was observed using his own arms to remove his clothing and get dressed. Plaintiff refused an initial medical examination and did not complain of pain until twenty minutes after the incident. Defendant denies that he caused Plaintiff's shoulder to become dislocated. And, if

Plaintiff's injury was caused by Defendant's use of force, it was only incidental to Defendant's attempt to place Plaintiff in restraints and not intentional.

### IV. DEFENDANT'S AFFIRMATIVE DEFENSE.

Defendant is entitled to qualified immunity because his actions were objectively reasonable and did not violate any clearly established right.

### V. ELEMENTS REQUIRED TO ESTABLISH DEFENDANT'S AFFIRMATIVE DEFENSE.

a) On the facts established by Plaintiff, did Defendant's conduct violate a constitutional right?

b) If so, at the time of the alleged violation, was that constitutional right "clearly established," such that a reasonable officer in the specific factual situation presented to Defendant would understand that what he or she is doing violates that right?

*Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).

### VI. DEFENDANT'S KEY EVIDENCE IN SUPPORT OF AFFIRMATIVE DEFENSE.

a) Defendant will testify that his conduct did not violate Plaintiff's Eighth Amendment rights. Because Plaintiff was resisting lawful orders and had assaulted an officer, Defendant's use of force was applied in a good-faith effort to maintain and restore discipline, and not maliciously and sadistically to cause harm.

b) The evidence will show that Defendant's conduct was objectively reasonable and lawful.

### VII. ANTICIPATED EVIDENTIARY ISSUES.

Defendant anticipates raising the following evidentiary issues through motions in limine.

1. The Court should bifurcate jury trial to address the issue of punitive damages only if the jury (1) finds Defendant liable; and (2) makes the additional finding that punitive damages are warranted;

2. The Court should exclude evidence of alleged widespread staff misconduct at LAC or other prisons; and

3. The Court should allow evidence that Plaintiff is a convicted felon.

4. The Court should exclude opinion testimony from Plaintiff regarding his own medical records, medical conditions, mental health records, and mental health conditions.

5. The Court should allow Defendant to present evidence of Plaintiff's financial motive.

### VIII. ISSUES OF LAW.

Defendant is not aware of any issues of law, other than those that will determine Plaintiff's excessive force claim and Defendant's affirmative defense.

### IX. BIFURCATION OF LIABILITY AND PUNITIVE DAMAGES.

Defendant requests bifurcation of the trial on the amount of punitive damages, if the jury should determine that punitive damages are appropriate. "[F]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). Under Rule 42(b), bifurcation of a trial into liability and damages phases may be appropriate where doing so would be economical and efficient, and where there is little overlap in the evidence that would be presented at each phase. *Arthur Young & Co. v. U.S. Dist. Court (Kaufman)*, 549 F.2d 686, 697 (9th Cir. 1979). District courts have broad discretion to bifurcate trials. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 398, 1021 (9th Cir. 2004); *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

With this Memorandum, Defendant concurrently submits an in limine motion requesting bifurcation of punitive damages.

### X. JURY TRIAL.

Both parties have asserted timely requests for trial by jury.

## XI. ABANDONMENT OF ISSUES.

Plaintiff has not abandoned his claim.

Dated: September 9, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
GIAM M. NGUYEN
Supervising Deputy Attorney General
NECULAI GRECEA
Deputy Attorney General

*/s/ Quyen Thai*
QUYEN V. THAI
Deputy Attorney General
*Attorneys for Defendant*
*S. Uribe*

LA2016501863

# CERTIFICATE OF SERVICE

Case Name: **Reed v. CDCR, et al.**   No.   **2:12-cv-10727-SB-AS**

I hereby certify that on September 9, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW [L.R. 16-4]**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On September 9, 2022, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, for overnight delivery via **GLS** to the following:

:

Nicholas Hernandez, Litigation Coordinator
C/O Mychal Andra Reed CDCR# AE9821
California Correctional Institution
P.O. Box 1902
Tehachapi, CA  93581

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 9, 2022, at Los Angeles, California.

| D. Beltoya | /s/ D. Beltoya |
|---|---|
| Declarant | Signature |

LA2016501863
65413062